

| | | |
|---|---|---|
| ZACHARY W. CARTER<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | Matthew J. Connahan<br>Assistant Corporation Counsel<br>phone: (212) 356-4078<br>fax: (212) 356-2089<br>email: mconnaha@law.nyc.gov<br>*Email and Fax Not for Service* |

September 29, 2016

**VIA ECF**
Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

        Re:    *Couey v. The New York City Department of Education, et al.*
                16 Civ. 7157 (VSB)
                Our No. 2016-025610

Dear Judge Broderick:

        I am the Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, assigned to defend this action on behalf of defendants City of New York ("City"), New York City Board of Education ("BOE" or "DOE"), DOE Chancellor Carmen Fariña, and City Mayor Bill de Blasio (collectively "Municipal Defendants").[1] Pursuant to Rule 4(A) of Your Honor's Individual Rules and Practices, Municipal Defendants respectfully request a pre-motion conference to discuss their anticipated motion to dismiss.

**A.**    **Background and Allegations**

        Plaintiff, a teacher employed by DOE since 1992, was a mathematics teacher at P.S. 194, the Countee Cullen School, in New York, New York, during the 2015-2016 school

---

[1] This Office makes no representations on behalf of, nor any appearance for, defendants National Action Network, the Reverend Al Sharpton, or Chantel Phinazee. Upon information and belief, defendant Steven Castiglia, an employee of DOE, has not properly been served, to date, with the issued summons and complaint in this matter.

year.  On December 23, 2015, it was alleged that plaintiff exhibited corporal punishment by violently pushing a seven-year old second grade student, an incident allegedly witnessed by Steven Castiglia, a DOE employee.  Subsequently, on January 29, 2016, plaintiff was removed from teaching duties, placed in an administrative non-school setting, and deemed ineligible for overtime pay or "per session" work.  Furthermore, on February 23, 2016, plaintiff was arrested by members of the New York City Police Department for the December 23, 2015 incident, and charged in New York County Criminal Court with multiple misdemeanors including Endangering the Welfare of a Child, and is currently at liberty on bail awaiting trial.[2]

Plaintiff commenced this action, *pro se*, alleging violations of his rights pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1983, the Equal Protection Clause of the Fourteenth Amendment, and the New York State Human Rights Law.  Plaintiff alleges, *inter alia*, that the Municipal Defendants discriminated against him and took adverse employment actions against him because of his race.

**B.     Grounds for Dismissal**

In order to withstand a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  Municipal Defendants respectfully submit that all claims in the instant complaint should be dismissed, as to them, because plaintiff has failed to plead a plausible claim.

To begin, plaintiff's race discrimination claim should be dismissed because he has not pleaded sufficient facts to allege that he was treated differently on account of his race.  *See Norville v. Staten Island Univ. Hosp.*, 196 F.3d 89, 95 (2d Cir. 1999) (no plausible race discrimination claim where plaintiff did not demonstrate similarly situated colleagues were treated differently); *see also Ruiz v. County of Rockland*, 609 F.3d 486, 493-95 (2d Cir. 2010) (plaintiff must plausibly allege the existence of at least one comparator who was more favorably treated despite being similarly situated).  In the instant complaint, plaintiff has not identified a single individual with whom to compare his allegations of disparate treatment nor any plausible fact upon which discrimination may be inferred.  Rather, plaintiff merely expresses frustration and consternation at his current employment, legal, and social situations.

Indeed, whether brought pursuant to § 1983, Title VII, or the State Human Rights Law, plaintiff's discrimination claims are fatally defective for the same reason.  *See Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007) (Title VII and New York State Human Rights Law claims dismissed where insufficient specific allegations or factual assertions which could lead to an inference of differential treatment, such as remarks indicating discriminatory animus or instances of preferential conduct).  Indeed, similar to the instant matter, the Court in *Patane* commented that the plaintiff herself characterized the adverse employment action as retaliatory and not protected-class based.  *Id.*

---

[2] The foregoing background is based on the allegations and news articles annexed to the complaint, as well as publically available information maintained by the New York State Unified Court System.  *See* https://iapps.courts.state.ny.us/webcivil/ecourtsMain.

2

Plaintiff's Title VII claim fails for an additional reason. Plaintiff has not alleged that he received a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"), let alone even filed an administrative charge with the EEOC. *McPherson v. N.Y. City Dep't of Educ.*, 457 F.3d 211, 213 (2d Cir. 2006) ("[u]nder Title VII and the ADEA, a plaintiff can sue in federal court only after filing timely charges with the EEOC…[and] [a] private Title VII plaintiff must also first receive a 'right-to-sue' letter from the EEOC."). However, even if plaintiff had complied with the necessary pre-conditions to filing a Title VII complaint, the claims should be dismissed for the same reasons as his § 1983 claims.

To the extent that plaintiff impliedly asserts a First Amendment retaliation claim against the Municipal Defendants, it should be dismissed for failure to adequately plead that he engaged in constitutionally protected speech or that the protected speech was a motivating factor in his treatment. As a threshold inquiry, when a public employee plaintiff claims he was retaliated against for exercising his First Amendment rights, he must demonstrate: (1) his speech involved a matter of public concern as a citizen, not of personal interest as an employee; (2) he was subject to an adverse employment action; and (3) the adverse employment action was substantially due to or motivated by his speech. *Zelnik v. Fashion Inst. Of Tech.*, 464 F.3d 217, 225 (2d Cir. 2006). In the instant case, plaintiff has not even met the initial threshold burden of alleging that he participated in any speech granted constitutional protections. *See Ruotolo v. City of N.Y.*, 514 F.3d 184, 188 (2d Cir. 2008) (lawsuit not constitutionally protected speech); *Weintraub v. Bd. of Educ.*, 593 F.3d 196, 198 (2d Cir. 2010) (grievance not constitutionally protected speech); *see also Cobb v. Pozzi*, 363 F.3d 89, 108 (2d Cir. 2003) ("a plaintiff may not rely on conclusory assertions of retaliatory motive to satisfy the causal link… [i]nstead, he must produce 'some tangible proof to demonstrate that [his] version of what occurred was not imaginary'.") (citing *Morris v. Lindau*, 196 F.3d 102, 111 (2d Cir. 1999)).

Finally, and notwithstanding the foregoing dispositive grounds warranting dismissal, all of the § 1983 claims should be dismissed against the City and DOE for failure to plead a *Monell* policy. *See Monell v. Dep't of Sc. Servs.*, 436 U.S. 658, 694 (1978). The City should also be dismissed as a defendant because the City is not liable for actions of the DOE or its employees. *See Sotomayor v. City of New York*, 862 F. Supp. 2d 226, 248 (E.D.N.Y. 2012), *aff'd* 713 F.3d 163 (2d Cir. 2013).

Accordingly, Municipal Defendants respectfully request a pre-motion conference to seek leave to move to dismiss the complaint in its entirety.

Thank you for your consideration of this matter.

Respectfully submitted,

Matthew J. Connahan
Assistant Corporation Counsel

cc:   Plaintiff *Pro Se*
      (Via ECF and Mail)