

*Reverend Al Sharpton, President & Founder*  
*Reverend Dr. W. Franklyn Richardson, Chairman*

National Action Network, Inc.

106 West 145th Street  
New York, New York 10039  
P.212.690.3070  F.646.380.2185

October 7, 2016

**VIA ECF**
Honorable Vernon S. Broderick
United States District Judge
U.S. District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

Re: **Couey v. The City of New York, et al.**
  **1:16-CV-07157 (VSB)**
  **Request for Pre-Motion Conference**

Dear Judge Broderick,

I am writing on behalf of National Action Network, as ___ request a pre-motion conference in the above-captioned case. pursuant to Rule 4(A) of Your Honor's Individual Rules and Practices.  The paragraphs below outline the basis for the requested Motion to Dismiss by National Action Network ("NAN").

Osman S. Couey, plaintiff in this matter, seeks damages for alleged pain and suffering, violations of his state and federal constitutional rights, along with allegations of defamation of character by defendants. Compl. ¶ 1.  According to the complaint, Plaintiff alleged that he is an African-American, and is employed as a math teacher with the New York City Board of Education. Compl. ¶ 5.  Plaintiff further alleged that his teaching position has been adversely affected by defendants as a result of an incident that occurred in or about December 23, 2015, at his school involving an alleged assault, by him, against one of his students.  Compl. ¶ 11-15. National Action Network submits that plaintiff has failed to plead sufficient factual matters to state viable causes of action which can withstand a Motion to Dismiss.  NAN understands that when the plaintiff is proceeding *pro se*, the court must "construe [the] complaint liberally and

I am in receipt of Defendants' pre-motion letters regarding their anticipated motions.  (Docs. 4, 8.)  As set forth in my prior endorsements, (Docs. 5, 10), Plaintiff is required to submit a response to the pre-motion letters.  Accordingly, Plaintiff shall submit his response to the anticipated motions on or before August 18, 2017.  In addition, all parties are directed to appear for a pre-motion conference regarding the anticipated motions on August 24, 2017 at 10:00 a.m. in Courtroom 518 of the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York.  The Clerk's Office is respectfully directed to mail a copy of this letter endorsement to the pro se Plaintiff.

**SO ORDERED:**

*Vernon Broderick*
HON. VERNON S. BRODERICK  7/27/2017
UNITED STATES DISTRICT JUDGE

---

[1] Rev. Al Sharpton, the founder and president of National Action Network, does not appear as a defendant anywhere in the body of Plaintiff's Complaint and Plaintiff has not served him in this case in accordance with Rule 4, of the Federal Rules of Civil Procedure.

interpret it to raise the strongest arguments that [it] suggest[s]." *Chavis v. Chappius, 618 F.3d 162, 170 (2nd Cir. 2010)*. Nevertheless, "[e]ven in a pro se case…threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Chavis, 618 F.3d at 170*.

## LEGAL STANDARDS

    1.    <u>Lack of Subject Matter Jurisdiction – Rule 12(b)(1)</u>

Federal question jurisdiction exists where the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Greenberg v. Bear, Stearns & Co., 220 F.3d 22, 25 (2d Cir. 2000)*. Plaintiff failed to plausibly plead his federal claims as to National Action Network. *Ashcroft v. Iqbal, 556 U.S. 662 (2009)*; *Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)*. Plaintiff's failure to show sufficient factual material to support his federal claims against National Action Network, along with the lack of diversity jurisdiction in this case, removes it from the subject matter jurisdiction of this court. Any remaining state-based claims should, likewise, be dismissed.
.
    2.    <u>Failure To State A Claim – Rule 12(b)(6)</u>

Plaintiff's federal claims under the Fourth Amendment, Fourteenth Amendment, 42 U.S.C. §1983, and Title VI of the Civil Rights Act of 1964, as codified in 42 U.S.C. §2000d et seq., fail to provide sufficient factual allegations to show that NAN were/are government agents, or persons acting under color of law, or received any federal funds for programming. To succeed on a claim under 42 U.S.C. §1983, a plaintiff must allege that: (1) defendant has deprived the plaintiff of a right secured by the Constitution or laws of the United States; and (2) the defendant acted under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999)*. In addition, Plaintiff failed to show that Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. 2000(e) *et. seq*. applies as to National Action Network. NAN is not plaintiff's employer, nor has plaintiff sufficiently alleged that NAN has discriminated against him in employment on the grounds of his race, color, creed, gender, religion, or national origin. When analyzed under the federal pleading standard of plausibility as defined in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Complaint fails to meet the required standard and must be dismissed. Further, "[i]t is undisputed that a right to sue letter is a jurisdictional prerequisite to a suit seeking adjudication of the merits of a complainant's Title VII claim." *Sheehan v. Purolator Courier Corp., 676 F.2d 877, 881 (2d Cir. 1981)*.

    3.    <u>New York State Law Defamation Claims</u>

Plaintiff's complaint, primarily attempts to plead a defamation claim. Under New York law, the elements of a defamation claim are (i) a false statement; (ii) published to a third party without privilege or authorization; (iii) with fault amounting to at least negligence; and (iv) that caused special harm or defamation per se. *Dillon v. City of New York, 261 A.D.2d 34, 38 (1st Dept. 1999)*. The complaint is devoid of allegations of any defamatory statements by National Action Network or Rev. Al Sharpton with the exception of a statement by a NAN employee, and that statement is contained in the exhibit attached to the complaint. The complaint's exhibit alleges

that Rev. Kevin McCall of National Action Network stated "[y]ou should send your child to school to get an education, not get abused." Compl. Exhibit A, p.2. Plaintiff failed to allege that the statements made by an employee of National Action Network were either false or negligent. *Dillon, 261 A.D. 2d at 38.* Lastly, the statements made by a National Action Network employee were wholly of legitimate concern to the public, as criminal charges alleging the assault of a child brought against Plaintiff (a New York City government-employed school teacher) is of great concern to parents, and communities.[2] In matters involving statements of legitimate public concern, the plaintiff must prove that defendant acted "in a grossly irresponsible manner without due consideration for the standards of information gathering and dissemination ordinarily followed by responsible parties." *Chapadeau v. Utica Observer-Dispatch, 38 N.Y.S.2d 196, 199 (N.Y. Co. 1975).* Plaintiff's complaint fails in that regard. Generally, defamation is an issue of state, not of federal constitutional law. *Vega v. Lantz, 596 F.3d 77, 81 (2d Cir. 2010).* For reasons stated above with regard to plaintiff's federal claims, any argument by plaintiff to establish a "stigma plus" federal claim, fails for the same reasons, most notably, that NAN (nor Sharpton), are either state actors, or capable of inflicting a "material state-imposed burden or state-imposed alteration of the plaintiff's status or rights." *Sadallah v. City of Utica, 383 F.3d 34, 38 (2d Cir. 2004).*

4. <u>New York State Executive Law §296 (1)</u>

Plaintiff failed to allege, as to him, that National Action Network falls under the scope of New York State Executive Law §296(1) or that it would apply in this case. National Action Network (nor Rev. Al Sharpton) have ever employed, licensed, or sold/rented real estate to Plaintiff in any capacity and therefore, could not have discriminated against Plaintiff under New York State Executive Law §296 (1).

For all of the reasons stated above, National Action Network respectfully requests a pre-motion conference to seek leave to file a motion to dismiss this action.

Respectfully submitted,

_____
Michael A. Hardy, Esq.
General Counsel

cc:   Matthew J. Connahan
      Assistant Corporation Counsel
      For Municipal Defendants
      Via ECF

      Plaintiff Osman S. Couey, *pro se*
      Via ECF & Mail

---

[2] Pursuant to Fed. R. Civ. P. 201 (b)(2), the court may take judicial notice of the New York Criminal Court Case No. 2016NY013102.