# RUBENSTEIN & RYNECKI
ATTORNEYS AT LAW
16 COURT STREET, SUITE 1717
BROOKLYN, NEW YORK 11241
Tel. (718)522-1020
Fax. (718)522-3804

SANFORD A. RUBENSTEIN
SCOTT RYNECKI*
ROBERT MIJUCA

KLIOPATRA VRONTOS*
RICHARD M. LEVY
HARPER SMITH
FARRIS FAYYAZ
MARC R. BATTIPAGLIA*
ADMITTED IN NY & NJ*

August 4, 2017

Via ECF
Honorable Vernon S. Broderick
United States District Judge
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, New York 10007

> Re: Couey v. The City of New York, et al.
> 1:16-CV-07157 (VSB)
> Request for Pre-Motion Conference

Dear Honorable Broderick:

Please be advised that we represent the defendant, Chantel Phinazee, in the instant matter. Pursuant to Rule 4(A) of Your Honor's Individual Rules and Practices, we hereby request a pre-motion conference to discuss our anticipated motion to dismiss.

The plaintiff, Osman S. Couey, alleges pain and suffering, violations of his state and federal constitutional rights, and defamation of his character by the defendants, for which he is seeking monetary compensation. Plaintiff's allegations stem from an incident that occurred on or about December 23, 2015 at a New York City Board of Education school. At the time of the incident, Plaintiff was a math teacher who assaulted one of his students, Kaveon Wilson. Defendant, Chantel Phinazee is the mother and natural guardian of Kaveon Wilson. After the incident, Plaintiff was removed from teaching duties and was arrested by members of the New York City Police Department. Plaintiff was charged with multiple misdemeanors including Endangering the Welfare of a Child, and, upon information and belief, has been convicted and sentenced.

It is respectfully submitted that the plaintiff has failed to plead sufficient facts to state viable causes of action against the defendant, Chantel Phinazee, for the reasons set forth below.

The plaintiff's complaint must be dismissed based on lack of subject matter jurisdiction pursuant to Rule 12(b)(1). Federal question jurisdiction exists where the complaint "establishes

either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Greenberg v. Bear, Stearns & Co., 220 F.3d, 22, 25 (2d Cir. 2000)*. Plaintiff failed to plausibly plead his federal claims as to Chantel Phinazee. *Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. V. Twombly, 550 U.S. 544 (2007)*. Plaintiff's failure to allege sufficient facts to support his federal claims against Chantel Phinazee, along with the lack of diversity jurisdiction, should remove this case from the subject matter jurisdiction of this Court. Additionally, Plaintiff's remaining state-based claims should also be dismissed against Chantel Phinazee due to lack of subject matter jurisdiction.

Plaintiff's federal claims under the Fourth Amendment, Fourteenth Amendment, 42 U.S.C. 1983 and Title VI of the Civil Rights Act of 1964, as codified in 42 U.S.C. 2000d et seq., fail to allege sufficient facts to show that Chantel Phinazee was/is a government agent, or is a person acting under color of law, or received any federal funds for programming. To succeed on a claim under 42 U.S.C. 1983, a plaintiff must allege that: (1) defendant has deprived the plaintiff of a right secured by the Constitution or the laws of the United States; and (2) the defendant acted under color of state law. *Am. Mfrs. Mut. Ins. Co. V. Sullivan, 526 U.S. 40, 49-50 (1999)*. In addition, Plaintiff failed to show that Title VII of the Civil Rights Act of 1964, codified in 42 U.S.C. 2000(e) et seq. applies as to Chantel Phinazee. Chantel Phinazee is not Plaintiff's employer nor did Chantel Phinazee discriminate against the plaintiff in employment on the grounds of his race, color, creed, gender, religion, or national origin. Under the federal pleading standard of plausibility in *Ashcroft v. Iqbal, 556 U.S. 662 (2009)*, the Complaint fails to meet the required standard and must be dismissed. Furthermore, Plaintiff failed to submit a right to sue letter which is a jurisdictional prerequisite to a suit seeking adjudication of the merits of a complainant's Title VII claim. *Sheehan v. Purolator Courier Corp., 676 F.2d 877, 881 (2d Cir. 1981)*.

Plaintiff's defamation claim should also be dismissed. Under New York law, the elements of a defamation claim are: (1) a false statement; (2) published to a third party without privilege or authorization; (3) with fault amounting to at least negligence; and (4) that caused special harm or defamation per se. *Dillon v. City of New York, 261 A.D.2d 34, 38 (1ˢᵗ Dept. 1999)*. The Complaint simply alleges that Chantel Phinazee teamed up with the Reverand El Sharpton and National Action Network to begin spreading virulent and maliciously tainted portrayal of the events from December 23, 2015 in the media. However, the Complaint is devoid of allegations of any particular defamatory statements made by Chantel Phinazee. Moreover, any statements by Chantel Phinazee to the media were neither negligent nor false and were of legitimate concern to the public. In matters involving statements of legitimate public concern, the plaintiff must prove that defendant acted "in a grossly irresponsible manner without due consideration for the standards of information gathering and dissemination ordinarily followed by responsible parties". *Chapadeau v. Utica Observer-Dispatch, 38 N.Y.S.2d 196, 199 (N.Y. Co. 1975)*. Plaintiff's complaint fails in that regard. Moreover, defamation is as issue of state, not of federal constitutional law. *Vega v. Lantz, 596 F.3d 77, 81 (2d Cir. 2010)*. Additionally, Plaintiff fails to establish a "stigma plus" federal claim because Chantel Phinazee is neither a state actor nor capable of inflicting a "material state-imposed burden or state-imposed alteration of the plaintiff's status or rights". *Sadallah v. City of Utica, 338 F.3d 34, 38 (2d Cir. 2004)*.

Finally, Plaintiff fails to allege how his claim with respect to Chantel Phinazee falls under the scope of New York State Execute Law 296(1) or that it would apply in this case. Chantel Phinazee has never employed, licensed, or sold/rented real estate to Plaintiff in any capacity. Therefore, Chantel Phinazee could not have discriminated against Plaintiff under New York State Executive Law 296(1).

For the foregoing reasons, a pre-motion conference is requested in lieu of Defendant Chantel Phinazee's motion to dismiss this action.

Sincerely,

Farris Fayyaz, Esq.

cc:

Plaintiff Osman Couey, Pro Se
(Via ECF)

Matthew J. Connahan, Esq.
Assistant Corporation Counsel
For Municipal Defendants
100 Church Street
New York, New York 10007
(Via ECF)

Michael A. Hardy, Esq.
General Counsel
For National Action Network &
Reverend Al Sharpton
106 West 145th Street
New York, New York 10039
(Via ECF)